State, ex rel. Spillman, v. Atlas Bank.

---

STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL,
v. ATLAS BANK OF NELIGH: EMIL FOLDA,
RECEIVER, APPELLEE:
ELIZABETH CASTEK, CLAIMANT, APPELLANT.

FILED SEPTEMBER 30, 1926.   No. 24267.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Reversed.*

*George W. Wertz,* for appellant.

*C. M. Skiles, Fred S. Berry* and *Lyle E. Jackson, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

PER CURIAM.

November 21, 1923, the state banking department took control of the Atlas Bank of Neligh, an insolvent banking corporation. In due season appellant filed with the receiver a claim against the institution based upon a certificate of deposit for $3,100, dated August 16, 1923, and bearing interest at the rate of 5 per cent. per annum, and asked that the same be allowed as a preferred claim against the institution and be made a charge against the depositors' guaranty fund. The receiver, by answer, disclaimed any personal knowledge of the transaction, and asked that claimant be required to make strict proof of her cause of action.

After a hearing the court found that the certificate sued upon was based upon a former certificate of deposit issued February 16, 1921, for a deposit of $3,000 which was made by claimant in defendant bank, that when the certificate issued February 16, 1921, matured, claimant being about to withdraw her deposit, the assistant cashier of defendant bank called upon claimant and informed her "that the bank could not pay a greater rate of interest than 5 per cent. for said money, but that he would give his personal check for an extra 1 per cent. interest thereon;" that following this agreement a new certificate was issued bearing 5 per cent. interest, which interest was paid directly by the bank. Additional interest was paid by the personal check of the assistant cashier, in the sum of $30, being interest at the rate of 1 per cent. per annum on the $3,000 deposit; that on the maturity of this certificate, on August 16, 1922, it was again renewed and the rate of interest was fixed at 5 per cent. which interest was paid directly by the bank, and the assistant cashier again gave plaintiff his personal check in the sum of $30; that on August 16, 1923, the certificate in suit was issued in renewal of the certificate immediately heretofore mentioned, but the amount was increased $100, the increase representing that much of the interest earned, and the remainder of the interest, to wit, $50, was paid by the bank to claimant. No interest in any

amount has ever been paid on the certificate in suit. The court held that the certificate constituted a general claim only against the insolvent bank and denied a recovery against the depositors' guaranty fund. Claimant has appealed.

The proof shows that claimant never received from the bank interest in excess of 5 per cent. per annum. It may be conceded that the bank officers, in place of charging the checks of the assistant cashier against his personal account, charged them to the bank's interest account. As said in the body of the opinion in *State v. American Exchange Bank, ante,* p. 626: "The fact that the entries upon the bank books appear to show that in some instances the excess was paid by or charged to the bank does not bind the plaintiffs. It was not their duty to see that the president kept his promise." The instant case is ruled by the case of *State v. American Exchange Bank, supra.*

Since this cause of action arose the statute has been amended by the enactment of chapter 28, Laws 1925, and the rule herein applied has no application to the new statute.

It follows that the district court erred in refusing to allow the certificate in question as a claim against the depositors' guaranty fund. The judgment is, therefore, reversed and the cause remanded, with directions to make such allowance.

REVERSED.